## Star Equipment Corp. v. Cicconi

*Robinson & Robinson*, for plaintiff.
*A. Cavalcante*, for defendant.

COTTOM, P. J., July 6, 1938—The Star Equipment Corporation, use-plaintiff, filed its statement of claim and thereafter defendant filed his affidavit of defense, and included therein new matter in the nature of a counterclaim. Plaintiff then filed his motion to strike off certain paragraphs of this part of the affidavit of defense styled "New Matter", for these reasons:

"1. Paragraphs 1, 2 and 3 of the said new matter contains statements referring to the averments of fact set forth in the statement of claim and may be properly styled and included in the affidavit of defense as new matter, but paragraphs 4 and 5 and the unnumbered paragraph succeeding paragraph 5 in said new matter contain statements of fact which defendant apparently believes to constitute a counter-claim.

"2. Said statements of fact purport to ask for damages on plaintiff's breach of contract of sale, but does not set up any legal measure of damages for breach of said contract of sale, i. e., breach of warranty.

"3. Defendant's purported counterclaim is based upon such facts that cannot legally support a counter-claim.

"4. Defendant's purported counter-claim is not such as would be determined a counter-claim before the Practice Act of May 14, 1915, P. L. 483, nor one which could be called a counter-claim under said Practice Act of 1915.

"5. Defendant's purported counter-claim is not set forth as a counter-claim in the affidavit of defense as provided by section 14 of the Practice Act of 1915, as amended by the Act of April 22, 1929, P. L. 627."

It is apparent from the foregoing that the motion to strike off relates only to that portion of the new matter set forth in paragraphs 4 and 5 and the concluding paragraph under the head of new matter. This is the portion of the pleading relating to a counterclaim.

Plaintiff contends that if a counterclaim is pleaded it must be set forth under that heading. Section 14, of the amending act of 1929, says:

"When a defendant relies upon a set-off, counter-claim or new matter, he must first answer the averments of the statement of claim, and then set out his set-off, counter-claim, or new matter, under the heading 'Set-off,' 'Counter-claim,' or 'New Matter,' as the case may be."

Defendant did not comply with this statutory requirement. He set out his counterclaim under the heading of

new matter instead of counterclaim. Section 15 of the Practice Act provides:

"In such cases [counter-claim] the affidavit of defense shall be indorsed as follows: 'To the within plaintiff—

" 'You are required to file a reply to the within set-off (or counter-claim, as the case may be) within fifteen days from the service hereof.' "

Defendant also failed to comply with this requirement of the act. His affidavit of defense is endorsed with these words: "Affidavit of defense and new matter. To the within plaintiff: You are hereby required to file an affidavit of defense to the new matter set forth in the affidavit of defense within fifteen days from the service thereof." In Smith's Pennsylvania Practice Act (3d ed.) p. 282, citing Marcus v. Woods, 1 D. & C. 586, it is said:

"When the defendant fails to endorse his affidavit of defense containing a counter-claim as required by the Act the defendant cannot avail himself thereof."

For these reasons, and for the further and more important reason that the alleged "understanding and intention of the parties" to the effect that the equipment was to be installed in a manner that it "would not emit or permit the escape of pungent gases, fumes, and chemicals," cannot form a sufficient foundation for, or constitute a cause of action on a counterclaim for the difference between the cost of the new equipment which defendant chose to purchase for $6,000 and the cost of the equipment installed by plaintiff, $2,933.24, or $3,066.76. Even if the quoted averments of defendant are true, the measure of damages is not correctly stated. We must sustain the motion to strike off paragraphs 4 and 5, and the unnumbered paragraph following paragraph 5, of the new matter contained in the affidavit of defense.

Though we will not at this time give consideration to the merits of the averments in paragraphs 1, 2 and 3 of the new matter, we cannot refrain from noting the fact that defendant, on or about October 1, 1936, the very date on which he says he discovered the alleged faults in the

equipment purchased, began the payment of the notes given by him when he made the purchase, and continued to make regular monthly payments until May 1, 1937, eight in all, each in the sum of $65.92, or a total of $527.36, in addition to the $560 he paid on signing the contract. It seems illogical that immediately upon defendant's discovery that the equipment was not as represented, he began to make additional payments on account of its purchase price, instead of refusing further payment. This action on his part seems highly inconsistent with his present position.

Now July 6, 1938, the motion to strike that portion of the affidavit of defense styled "new matter" from the record is sustained insofar as it relates to paragraphs 4 and 5 of new matter, and the unnumbered paragraph following paragraph 5, said three paragraphs being hereby stricken from the record.